# WALTON SUPERIOR COURT.

## FEBRUARY, 1843.

### PRACTICE.

WATERS BRISCO *vs.* L. R. BREWER, B. B. RANSOM, G. W. H. MURREL, and URBAN PATILLO.

*Bill for Discovery, Relief, and Injunction.   Demurrer filed.*

1. A plea to the jurisdiction is a personal right, and available only by defendant himself.

2. Judgments, in a Justice's Court, cannot be set aside, on the ground of want of jurisdiction, upon the application of other creditors, by bill in Equity.

The charges, in the above bill, are, that Briscoe held a note, made by Patillo, one of the defendants, for about two hundred dollars, on which he had sued in the Inferior Court, and obtained judgment. That the other defendants, likewise, held notes, individually, on Patillo, for about the same amount, and that, pending the suit, brought by Briscoe, they prevailed on Patillo to give them small notes, under thirty dollars, in lieu of their original notes, and that, on these small notes, suits were brought, in the Justice's Court, and judgments rendered, *before* the judgment in the Inferior Court, in favor of complainant.   The bill further charges, that by these judgments, an amount of money (I do not now recollect how much) had been raised by the Sheriff, and was in his hands, for distribution, among the fi. fa's. and prays that the fi. fa's. in favor of defendants, be perpetually enjoined, and that the money, in the Sheriff's hands, be paid over to complainant, in satisfaction of his fi. fa.

The demurrer is upon the ground, that there is no equity in the bill, and that, by the Statute of the State, defendants had a right to do what the bill charges they had done.

HAYGOOD, for Complainant.
JAMES JACKSON, for Defendants.

[Brisco *vs.* Brewer & al.]

**By** the Court.—In determining the question, raised by the demurrer, it is not necessary to consider the constitutionality of that part of the Statute of 1811, which gives jurisdiction to the Justice's Court, in cases where the demand originally exceeded their jurisdiction, and which had been liquidated and divided, into sums within their jurisdiction. The constitutionality of that part of the Statute has been denied by complainants counsel, with much earnestness, in the argument; but the demurrer must be sustained, on other grounds.

The want of jurisdiction, in the Justice's Court, and the constitutionality of the Statute, referred to, might have been enquired of, and determined, at the trial in the Justice's Court, and all further adjudication of that matter must be considered as concluded, by the judgment.

The plea to the jurisdiction is a personal right; and I know of no legal principle, by which the creditors of the defendant can set aside a judgment, on the ground that he failed to plead to the jurisdiction of the Court, which rendered the judgment. We might as well be called on, to set aside a judgment, on the application of creditors, on the ground that the defendant failed to plead usury, or infancy, or the Statute limitations, &c.

The demurrer must therefore be sustained, and the bill dismissed.